**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| MOTTIO PASCHAL,           )<br>                                              )<br>　　　Petitioner,            )<br>                                              )　　No. 09 C 6421<br>　　　v.                          )<br>                                              )<br>UNITED STATES OF AMERICA,  )　　Wayne R. Andersen<br>                                              )　　District Judge<br>　　　Respondent.            ) | |

**MEMORANDUM OPINION AND ORDER**

This case is before the court on the petition of Mottio Paschal, as a prisoner in federal custody, for a writ of habeas corpus to correct his sentence pursuant to 28 U.S.C. § 2255. For the reasons set forth below, the petition is denied.

**BACKGROUND**

On December 2, 1998, the petitioner, Mottio Paschal, and his brother, Leo Paschal, were arrested by officers of the Niles Police Department following an alleged bank robbery and subsequent vehicular pursuit. On December 3, 1998, a one-count criminal complaint was filed in this Court charging the petitioner and Leo Paschal with bank robbery in violation of 18 U.S.C. § 2113(a). On February 11, 1999, a one-count indictment was filed. On February 19, 1999, the defendant was arraigned before Magistrate Judge Arlander Keys and he entered a plea of not guilty to the charges in the indictment. On July 28, 1999, Paschal pled guilty, pursuant to a written plea agreement, to one count of bank robbery in violation of 18 U.S.C. § 2113(a). This Court sentenced Paschal to 120 months imprisonment on March 20, 2000. The petitioner chose not to pursue a direct appeal of his sentence.

On June 27, 2001, after previously submitting multiple letters to the Court requesting an extension of time fo file a petition for habeas corpus relief, Paschal finally filed his § 2255 habeas corpus petition (01 C 4959). In that petition, he raised the following four claims: (1) the Court and the government violated his written plea agreement when he was sentenced to a term of imprisonment in excess of that stated in the agreement; (2) obstruction of justice; (3) ineffective assistance of trial counsel; and (4) the Court lacked subject matter jurisdiction to sentence the petitioner on the charge of bank robbery. After the § 2255 petition was filed, the government filed a motion to dismiss arguing that the petition was not filed within the one year statute of limitations contained in § 2255 of the Antiterrorism and Effective Death Penalty Act of 1996.

This Court issued a memorandum opinion and order in case 01 C 4959 on April 29, 2003 ("2003 Opinion"). In that opinion, we concluded that Paschal's motion for an extension of time to file his § 2255 petition was denied, because we did not have jurisdiction to entertain the request, and also because Paschal did not meet the standards for equitable tolling of the statute of limitations. (2003 Opinion at 4-5.) On this basis, Counts I, II and III of Pachal's habeas petition were dismissed. With respect to Count IV, we concluded that Paschal's attack on this Court's subject matter jurisdiction was without merit. (2003 Opinion at 6-10.)

Paschal filed the instant § 2255 petition on October 13, 2009, giving rise to the creation of a second civil case on this subject (09 C 6421). In his petition, Paschal sets forth three grounds for attacking his sentence. With respect to Ground One, Paschal asserts that a new "unreasonableness" standard of review applies, and that the application of an obstruction of justice enhancement at his sentencing violated his Sixth Amendment rights. Under Ground Two,

Paschal argues ineffective assistance of counsel. Pursuant to Ground Three, Paschal claims that he suffers some form of prejudice in light of a new rule of law that is to apply retroactively.

The government responded by arguing that the motion should be dismissed for lack of jurisdiction, as this is the second motion filed by Paschal attacking his sentence. Paschal had until January 8, 2010 to file a reply, though no reply was ever filed, nor any request for an extension of time to file a reply.

## STANDARD OF REVIEW

The federal habeas corpus statute, 28 U.S.C. § 2255, provides that:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside, or correct the sentence.

The court should grant a hearing on the issues raised in the petition unless the respondent demonstrates conclusively that the petitioner is not entitled to any form of relief. 28 U.S.C. § 2255. The court must grant a hearing if the habeas petition "alleges facts that, if proven, would entitle" the petitioner to relief. *Stoia v. United States*, 22 F.3d 766, 768 (7th Cir. 1994) (citing *Pittman v. Warden, Pontiac Correctional Ctr.*, 960 F.2d 688, 691 (7th Cir. 1992)). The petitioner must make specific, detailed allegations in order to qualify for a hearing; conclusory statements are insufficient. *See Daniels v. United States*, 54 F.3d 290, 293-94 (7th Cir. 1995). Petitions filed by *pro se* petitioners will be held to a more liberal standard than those filed by attorneys. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972). Even under this more liberal standard, however, no hearing is required if the record conclusively demonstrates that the

petitioner is not entitled to any form of relief.  *Daniels*, 54 F.3d at 293.

## DISCUSSION

As the government noted in its response, the statute sets forth the following requirement with respect to multiple § 2255 petitions:

> A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain --
>
> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h).  The Seventh Circuit has clearly stated, "Unless and until the movant seeks and obtains permission from the court of appeals to file such a motion, the district court is without jurisdiction to entertain his [second] request [for section 2255 relief]."  *United States v. Carraway*, 478 F.3d 845, 849 (7th Cir. 2007).  As noted above, the instant motion constitutes Paschal's second request for relief pursuant to § 2255.  Since Paschal did not seek the authorization required by § 2255(h), this Court, like the district court in *Carraway*, has "no option other than to dismiss the motion."  *Id*.

## CONCLUSION

For the foregoing reasons, petitioner Mottio Paschal's motion to correct his sentence pursuant to 28 U.S.C. § 2255 [1] is denied, and the case is hereby terminated.

It is so ordered.

_____
Wayne R. Andersen
United States District Judge

Dated: March 22, 2010